Still good morning, Your Honor. Still good morning. The question in this case, the issue presented, is whether the district court properly concluded that appellants' request for release from prison based upon the alleged unconstitutional conditions of confinement must proceed- So you're fine. I'm sorry to- Go ahead. Stop you, but- Have at it. We're all friends here. We all know each other. This, to me, I'll ask the question, why isn't this completely moot? So the facility is closed, about which he initially complained. He has been transferred to another facility, and he can bring a claim, presumably, in connection with the conditions of confinement at that facility, but he has not yet. And I take it that you think at some level this is capable of repetition, but we know nothing about this new facility. So why isn't this moot? That's the elephant in the room. There's no question, Your Honor. As Your Honor just alluded to, the standard, the exceptions to the mootness doctrine is capable of repetition or yet evading review. This is certainly an issue that's been evading review, is this court has wanted to rule on this issue for about five years. Every single time a case gets certified to have this question presented, something comes up so it has to be rejected, and this court looks for another case. So this case is certainly- This is an unusual event that a correctional facility closed. That's what prompted the transfer, or am I wrong about that? No, that is what- But don't you have a stronger argument that the cases hold that if a transfer destroys jurisdiction, then permission for the transfer must be asked, and here it was not. And the transfer allegedly destroys jurisdiction because of mootness. So we have a situation where at least two circuits, the CISC circuit in Chen and the DC circuit in Hardane, have held that that would not destroy jurisdiction. Now, assuming we have jurisdiction, then the question of habeas versus 1983 comes up, and by the way, I'm very strong on the difference and I would decide that your way, but if we get to that point, don't we then have a right to look at the merits and say these merits ain't there at all, and so affirm on a perfectly sensible ground that there are no merits. But having clarified an issue that needs clarity, having decided that it isn't moot. Your Honor, I think that is certainly one way that it could be handled, there's no question about that. Obviously, the district court never had the opportunity to decide on the merits because it decided to rule on the jurisdictional basis, but certainly that would be one way to resolve it, and that would actually be a way that would be helpful even for this defendant, because then when filing a similar petition against his new facility, Sing Sing, he would have the guidance of knowing, okay, don't make the same mistake, or do make the same mistake. So what he had before was not enough. Correct, Your Honor. What condition of confinement claim could not be brought as a habeas, if any, so long as the relief sought is release? A condition that could not be, that could be changed. So yeah, no, a condition, I'm trying to think if there was a case on this, that would be the government's case, or I should say the state's case, where what was being complained about, this was the Second Circuit's case in Fielding, where what they were complaining about was that the defendant had been particularly liable to sexual assaults based upon his type of conviction. And in that case, the court ruled, well, wait a second, we can, in fact, there are conditions that can be changed so that that problem can be prevented. And because that problem can be prevented, it should be decided not under habeas, but under a 1983 claim, which would make sense, because a 1983 claim is generally due to court. Is there anything in your client's petition that would suggest that all DOCS facilities constitute the problem, or might a transfer to another institution, as alleged, solve the problem in the way that it wasn't plausibly alleged in Fielding? Fielding. Fielding. Fielding. Yes, Your Honor. I mean, this is a different case, obviously, than Fielding. And of course, this is also a pro se defendant, so we have to take all inferences in the light most favorable to him. One thing that he alleges specifically is that he could not be confined, his quarters have to be so closely confined that under no condition could he be protected from COVID-19. Yeah, but let me just go back to this. If a transfer would meet his requirements without having him be released, then 1983 would be the appropriate ground. If a transfer would not, then under Heckley Humphrey, it has to be habeas. You concede that. I agree with that, Your Honor. That's exactly the point. But the claim here is that the transfer would not do that, and therefore habeas has to lie. That's correct, because the claim here is that due to the uniqueness of this particular mental health issue that was being raised, that there is no condition of confinement that could protect him. And that's an issue of the merits, which we may or may not decide, but it does not change the jurisdictional issue. That is correct, Your Honor. I guess my question is about the specifics of this petition and recognizing it was pro se and we should be solicitous and inferences in favor. What would we look to, there is a way in which the mootness and the cognizability under habeas question feels like they start to fold on each other, but what would we look, in thinking about fielding, what would we look to in the petition to see a contention that isn't facility specific such that the allegations don't, maybe don't plausibly make a claim under habeas in the way that fielding did it because it could be cured by a transfer? All prison facilities, Your Honor, require close-quartered confinement of the inmates. There is no facility that would have him allow him to be properly away from any other inmate. Even Florence ADX, which is the most secure facility in the country, has had a problem with COVID going from one inmate to another. So you say if the alternative were to move him to home confinement but not release, where that would not be so, then 1983 would lie. But that was not suggested as a possibility. Nor requested, Your Honor, since he's requesting immediate release. You're seeking release with no parole supervision. What, I'm sorry? You're seeking release with no kind of home confinement or other supervision, I presume. That is what he's requesting, yes. Although I think supervised release might not make a difference to the conclusion. I didn't understand the supervised, you're not battling supervised release. It's parole, we're talking about, yeah, parole. Parole, yes, Your Honor. But there's no, I don't know whether or not he'd have to check in with a parole officer on a routine basis would have any impact on the rest of the question before you. I guess release to... Just to play out the line a little bit, if he were, if the relief he's seeking, you're saying he could get the relief he's seeking by being released but with supervision terms? Under habeas, yes, correct. And if he violates those terms, what happens? That would be for a district court to decide. And then what happens? I mean, what are the options for the district court? The district court could violate his parole and send him back to jail. The district court could... Back to jail, which is unconstitutional to hold him there. That would be, it could also order that he be held in home confinement or house arrest as it's known in federal, in the federal system. So there are options that could avoid it. And if he leaves home confinement, same question, I suppose. There's a lot of ifs on that. Can I ask a little bit of a, the presider's indulgence, the question of cognizability under habeas versus 1983, is that a jurisdictional question? It's our position that it is, yes. It is. So even, so, so we have two jurisdictional questions we potentially need to answer, mootness and cognizability. Yes. Would you, do you have a view as to whether we have to sequence those in either way? I think the answer is no under Seneca, but tell me. And if we should sequence them in either way. I, I don't take a position on whether or not they, in which position that they're, that they're addressed in. Do absolutely think that the correct jurisdictional answer is that when you're seeking, when you're seeking immediate release, habeas is the only avenue that could, that could be sought. But I want to know whether there is any reason really on the facts of this case, why if we decide that there was a jurisdictional error, we can't look at the merits. Now, you know, in most cases we turn it over to a district court, but what the claims are now, which are being said make things moot. And my problem is that mootness doesn't apply if you're making a claim of a merits, but are the merits so clearly not there that it is perfectly appropriate for us to make all the jurisdictional decisions and then still rule against you on the merits without sending it back to the district court because there ain't nothing to this case. Your Honor, I think, uh, it was an attorney earlier today that had a, had a line that I thought was particularly appropriate, maybe here. This court has the leeway to shine the diamonds that's pulled from the ground. I would, I would stand by that position as well, Your Honor. We reserve, we reserve decision in that case. Yeah. I want to hear from Mr. Feinberg. Hello, Mr. Feinberg. It's been a while since I've seen you. Hello, Your Honor. Likewise, Mr. Feinberg. Ira Feinberg, Deputy Solicitor General for the Respondent. Thank you for welcoming me. I'd like to address the mootness question first because I think Judge Calabresi, I don't agree with you about this transfer issue somehow making the case not moot. I mean, the facility has been closed and all of his complaints is about, all of his allegations in his complaint are about how the treatment and the inadequate treatment at the Sullivan Correctional Facility where it used to be. And it is well settled under- Is there a way of reading his complaint? I did not, but is there a way of reading his complaint to suggest that this is a, goes well beyond the Sullivan Correctional Facility? You could read it that way, and certainly I suspect if he had been incarcerated at a different facility, you probably would have seen a very similar complaint. But nevertheless, his allegations talk about how the people at the Sullivan Correctional Facility were not complying with CDC guidelines and they weren't providing adequate masks and personal protective equipment. Yeah, but just in terms of how we treat pro ses, isn't it better to assume what is really there? But he's saying in this current situation with COVID, being in jail is unconstitutional. And it doesn't matter if I'm in jail one or in jail two, it is unconstitutional. And therefore, I have an argument and I should be released. And therefore, this argument should be unabased. And then at that point, we looked at the validity of the argument. And if you win at that, what objection do you have? Why does it matter to you? Why do you want us to do something which may get us into trouble with other circuits, which may make things difficult for other people who are transferred, when in fact they may have an argument rather than dealing with something which is both simple and allows us to make clear what the courts get fouled up all the time, the difference between habeas and 1983. But Your Honor, it is well settled under this court's precedent and around the country, that when a prisoner who seeks only prospective relief is transferred to a different facility, that that case is moot. And that's true under 1983. And it's true under 2254. This court has specifically held that in a habeas case, Thompson versus Chomsky. That is so if the difference between the facilities make a difference to a person's claim. Well, we don't know anything about how other facilities might have handled him differently. Maybe because of his claims. I mean, he claims he's medically vulnerable because he was obese and had high blood pressure. Maybe they would put him in a hospital ward instead of putting him with general population. We don't know how anybody else would have handled it. But as much as the court might like to reach the merits and resolve this issue, the bottom line is that I think it's well settled under these circumstances that a case is moot. And the court really can't avoid that conclusion. And the rule that you were citing about not being able to transfer the prisoners in order to defeat jurisdiction really doesn't apply here. I don't think that that rule has ever been applied to a situation where a prison facility was closed for budgetary reasons like this one was. So I really think that the court, I mean, I'd like to reach the merits, frankly, as well. The merits are more interesting than the mootness question. But I think the court really is stuck with saying, look, this case is moot. And the idea, Mr. Bacharach really hasn't questioned that the case would otherwise be moot except for the exception for cases that are capable of repetition. He's relying on the exception, which suggests that there's a general mootness issue there. Right. So what about the exception? The exception has two requirements. The challenged action has to be too short in duration to permit it to be fully litigated. And there has to be a reasonable expectation that the same party will be subject to the same action again. And neither one is true here. This case has been pending for four and a half years, more than four and a half years. There's no reason why this case couldn't have been resolved on the merits. We made a mootness motion back in the fall that the court denied. And we accept that result. The court was apparently fully ready to resolve the merits of this issue until out of nowhere, the prison facility got closed and moot, and effectively mooted the case. So, and there's no reason why this case, but for that fact, couldn't have been resolved here. And why this circumstance is one that is capable of- So he could raise the claim in, obviously assuming all bells and whistles that there's a good faith basis. But he could raise the claim either with counsel or pro se as to his current facility. He is now at Sing Sing. He could raise a claim at Sing Sing. But the claim would have to be based on what conditions are now, not on what conditions were in 2020. And frankly, I think the claim at this point would be frivolous. Now you're going to the merits. Conditions are, you're going to the merits. Let me ask you a slightly different question. If we have two jurisdictional issues, and one of them is complicated, the mootness one. Let me, you say it isn't, but let me say I think it is. And the other one- And which one gets us in trouble with the other circuits? I wasn't clear on that one. I don't think either one gets you in trouble with the other circuits, but go ahead. And the other one is jurisdictional issue between habeas and 1983, which is a jurisdictional issue, and is quite clear. And clearly decided wrongly. Do we have a choice on which jurisdictional issue we can do? Even though generally, mootness comes first. Can I take issue with the idea that whether it's properly considered a habeas petition or a- You disagree that's jurisdictional. 1983 is jurisdictional. I think of the issue as does this complaint state a claim under the statute that's cited? And I don't think that's a jurisdictional- It's sort of like a Morrison issue, which is not a jurisdictional issue. Extraterritoriality is not a jurisdictional issue, it's about the statute. To me, this issue is whether the complaint states a cause of action, which is an issue on the merits, not- The D.C. Circuit has said that the question of whether-